'/
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VANESSA M. MIELKE,

        Plaintiff,

v.

17TH CIRCUIT COURT,

        Defendant.
_____/

Case No. 1:23-cv-543

Hon. Hala Y. Jarbou

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff Vanessa M. Mielke, a resident of Roseville, California, against Michigan's 17th Circuit Court. *See* Compl. (ECF No. 1, PageID.1-2).  For the reasons set forth below, this complaint should be dismissed for lack of federal subject matter jurisdiction.

Plaintiff filed a one-page complaint seeking to dismiss a bench warrant from a judge at the 17th Circuit Court.  Plaintiff set forth the following allegations (in her words):

> 1. I called Brenna Weber before Sept 16 and Asked for a hearing for a more Suitable time (she said 8:30 A.M. is the only time).
>
> 2. I sent A motion Response in (explaining my no show and response) before Sept 16, Marissa from PPO office would not file it and sent it back to me.
>
> 3. PPO Dept. told me to file my response on Turbo Court.
>
> 4. I sent in a Second Motion (explaining my no show and Response) for Sept. 16 via mail.
>
> 5. I Live in California a different time zone, I am 3 hour behind Michigan.

6. Judge Gottlieb knows from Custody Court that I Cannot be to hearings at 5:30 A.M.

7. I exercised my Right to not be to Court at 5:30 A.M. and was issued Warrant for my arrest.

8. The bench Warrant Violates my 4th Amendment Right to no Warrant without probable cause.

9. Kent County Court has an extremely bad history of violating my rights along with others, until Kent County Court is held Accountable these mistakes will continue to happen.

10. Judicial Misconduct

11. The type of Claim I am asserting is a 4th Amendment Constitutional Rights Violation

12. I believe This Court has Jurisdiction because the other party is The United States Government

13. I demand a Jury

14. I am seeking $10,000 Relief and Proper Treatment Order of 1 year Anger Management for violating my Rights, Jail Time, 1 Year Probation, Dismissal of Bench Warrant Order to prevent and stop further behavior towards myself and anyone else.

Compl. (ECF No. 1, PageID.2).

"Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject-matter jurisdiction "can never be waived or forfeited," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and "courts are obligated to consider *sua sponte* whether they have such jurisdiction," *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). In this regard, Fed. R. Civ. P. 12(h)(3) provides that "If the court determines at

any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); *Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even sua sponte, to dismiss any action over which it has no subject-matter jurisdiction").

Contrary to plaintiff's allegations, the United States Government is not "the other party" in her lawsuit. The caption of plaintiff's complaint names the defendant as the 17th Circuit Court located in Grand Rapids, Michigan, listing both the "Administration" and the "Court Clerks [sic] Office." Compl. at PageID.1-2. The gist of plaintiff's claim is that the 17th Circuit Court scheduled a hearing at 8:30 a.m. Michigan time, that plaintiff did not attend the hearing because she lives in California where the hearing was at 5:30 a.m. local time, that she had a right "not to be to Court at 5:30 A.M.," that a state court judge issued a bench warrant for her failure to attend, and that the bench warrant violates her federal constitutional rights. Among other relief, plaintiff wants this Court to dismiss the state court's "Bench Warrant Order" and to award her $10,000.00. *Id.* at PageID.2.

Plaintiff's lawsuit lies outside of this Court's subject matter jurisdiction because it asks this Court to review and "dismiss" a state court order. "The *Rooker-Feldman* doctrine provides that lower federal courts do not have subject matter jurisdiction to review final judgments from state court." *Kewadin Casinos Gaming Authority v. Draganchuk*, 584 F. Supp. 3d 468, 474 (W.D. Mich. 2022) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine also prohibits this Court from reviewing orders from lower state courts such as defendant 17th Circuit

3

Court. *See Pieper v. American Arbitration Association, Inc.*, 336 F.3d 458, 462 (6th Cir. 2003) (joining "the majority of circuits that have concluded that the *Rooker-Feldman* doctrine *does* apply to interlocutory orders and to orders of lower state courts") (emphasis added). In summary, this Court lacks jurisdiction to address plaintiff's complaint which seeks to "dismiss" a state court order issuing a bench warrant. Plaintiff's claim is an appeal of a state-court order which is prohibited by the *Rooker-Feldman* doctrine. *See RLR Investments, LLC v. City of Pigeon Forge, Tennessee*, 4 F.4th 380, 388 (6th Cir. 2021) ("By asking a federal court to declare a state-court order unconstitutional and prevent its enforcement, [the plaintiff] impermissibly appealed the state court's order to the federal district court"). Accordingly, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated: June 1, 2023                     /s/ Ray Kent
                                        RAY KENT
                                        United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).